UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DIANNA ROCKWOOD,**

          **Plaintiff,**

      -v-         **8:06-CV-1471 (NAM/GJD)**

**JO ANNE B. BARNHART,**

          **Defendant.**
_____

APPEARANCES         OF COUNSEL

Office of Mark A. Schneider     Mark A. Schneider, Esq.
57 Court Street
Plattsburgh, New York 12901
Attorney for Plaintiff

Social Security Administration     Susan C. Branagan, Esq.
Office of Regional General Counsel, Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorney for Defendant

**Hon. Norman A. Mordue, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

  Presently before the Court is a motion to dismiss this action for lack of jurisdiction. (Dkt. No. 5). The complaint in this case was filed on December 7, 2006 as an appeal from the Commissioner of the Social Security Administration for denial of disability benefits. (Dkt. No. 1). On February 14, 2007, defendant filed what is labeled on the docket sheet, "Defendant's Brief." (Dkt. No. 5). However, a review of the document itself shows that it is labeled "Defendant's Brief *in Support of Motion to Dismiss* Plaintiff's Complaint." (Dkt. No. 5)(emphasis added).

  On February 20, 2007, counsel for plaintiff filed a letter-motion before Magistrate Judge DiBianco, enclosing plaintiff's response to defendant's "motion" to dismiss, but arguing that the motion was improperly docketed, and requesting a resolution of the entire matter. (Dkt. No. 6). Plaintiff's counsel also argued that he applied to the Appeals Council for review in October of

*2005*, but that the request was somehow lost or misfiled.  Plaintiff's counsel further stated that he attempted to contact the Appeals Council in November of *2006*, but was still unable to obtain a decision in plaintiff's case.  Finally, plaintiff's counsel wrote an e-mail to a paralegal in the United States Attorney's Office in an attempt to determine what happened in his client's case.  Plaintiff's counsel stated that when he did not hear from the agency or anyone else that had been contacted regarding the case, he considered it a "denial" and filed this civil action.

On June 22, 2007, Magistrate Judge DiBianco issued an order in which he pointed out defendant's filing error, stating that according to General Order 18, the jurisdictional motion should have been filed as a formal motion to dismiss before the District Judge assigned to this case. (Dkt. No. 9); General Order 18 & n.1.  Because the defendant's request is dispositive of the case, there has been a new development, and in the interest of avoiding delay, defendant's request is now before this Court for review.

The *only* issue in defendant's motion was whether plaintiff exhausted her administrative remedies and obtained a "final decision" from the Commissioner, which is jurisdictionally required to bring an action in federal court under 42 U.S.C. § 405(g).  Defendant argued that plaintiff did not have a final decision because the Appeals Council never ruled on plaintiff's request for review of the unfavorable decision of the Administrative Law Judge.

In Magistrate Judge DiBianco's June 22, 2007 order, he stated that the delay in this action was "approaching an *unacceptable length*." (Dkt. No. 9 at p.3) (emphasis in original).  Magistrate Judge DiBianco ordered both parties to inform the Court of the status of this case. *Id.* at pp.3-4.  The parties complied with Magistrate Judge DiBianco's order, and on July 6, 2007, defendant reported that the agency files were searched again, and the plaintiff's October 4, 2005 request for review was located "with its postmarked envelope." (Dkt. No. 11).  Defendant further stated that the Appeals Council would review plaintiff's case within thirty days. *Id.*  On July 16, 2007, plaintiff's counsel filed a status report, stating that he had "just received the Notice of Appeals Council Action denying Ms. Rockwood's Appeal." (Dkt. No. 12.).  Plaintiff's counsel further

2

requested that the defendant immediately be directed to file the answer and the administrative record so that the case could proceed. *Id.*

The notice of denial by the Appeals Council completes plaintiff's administrative remedy review, and plaintiff may file the Appeals Council denial as an amendment to this complaint. Because of the Appeals Council action, plaintiff now has the Commissioner's final decision,[1] and the defendant's jurisdictional motion may be denied as moot. Defendant shall have *sixty (60) days*[2] within which to file the answer and administrative transcript. The case will then proceed pursuant to the time limits set in General Order 18.

**WHEREFORE**, it is

**ORDERED**, that defendant's motion to dismiss (Dkt. No. 5) is **DENIED AS MOOT**, and it is

**ORDERED**, that defendant shall file the answer and administrative transcript in this action within **SIXTY (60) DAYS** of the date of this order, and it is further

**ORDERED**, that the case will then proceed pursuant to N.D.N.Y. GENERAL ORDER 18.

**IT IS SO ORDERED.**

July 23, 2007
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

---

[1] The regulations provide that a claimant must complete a four-step administrative review process prior to bringing an action for federal court review. 20 C.F.R. §§ 404.900(a) & (a)(5) (social security disability insurance benefits); 416.1400(a) & (a)(5)(supplemental security income benefits). Plaintiff applied for both types of benefits at the agency level.

[2] The Court notes that General Order 18 provides that if a motion to dismiss is denied, the defendant shall only have *thirty (30)* days to file the answer and administrative transcript. However, the Court is attempting to avoid any request for an extension of time and concurs with Magistrate Judge Di Bianco's *sixty (60)* day time limit for defendant to file the required papers. No extension of this deadline will be granted.